IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson,<br><br>        Plaintiff,<br><br>   v.<br><br>Thousand Burgers, Inc.,<br>Individually and d/b/a Burger<br>Me; J Hanson, LLC,<br><br>        Defendants.<br>_____ | 2:11-cv-03432-GEB-KJN<br><br><u>ORDER OF DISMISSAL</u> |

      Plaintiff was required to respond to an Order filed March 29 2012, by either filing a motion for default judgment as to Defendant Thousand Burgers, Inc. before the Magistrate Judge within forty-five (45) days of the filing of that order or showing good cause in writing no later than May 18, 2012, why this defendant should not be dismissed for failure of prosecution. (ECF No. 12.) Plaintiff failed to respond to the March 29, 2012 Order by these deadlines. Therefore, the Court considers whether this defendant should be dismissed for failure of prosecution.

      When considering whether to dismiss a party for failure to prosecute, a court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public

>policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The first and second factors weigh in favor of dismissal in this case since Plaintiff's failure to prosecute has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]").

The third factor concerning the risk of prejudice to Defendants considers the strength of a party's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 ("[T]he risk of prejudice [is related] to the plaintiff's reason for defaulting."). Since Plaintiff has provided no reason for his non-compliance, the third factor also favors dismissal.

The fourth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal since Plaintiff failed respond to the March 29, 2012 Order despite that order's requirement that Plaintiff show cause in writing why the action should not be dismissed for failure of prosecution if a motion for entry of default judgment was not timely filed. Cf. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992)("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

1       The fifth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.").

      Since the balance of the factors strongly favors dismissal of Defendant Thousand Burgers, Inc., this defendant is dismissed.

Dated:  May 29, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge